## JAMES H. LEGATES v. JOSEPH B. LINGO. ·

### Justice of the Peace—Action Against—Trespass.

Under Chapter 128 of the Revised Code, as amended, a justice of the peace has jurisdiction of trespass cases; and after hearing and finding the defendant therein guilty of the trespass charged, *must* impose a fine and costs and *may* hold the guilty party in recognizance with security to keep the peace and not again trespass upon the premises in question; and upon default of payment of the fine and costs and entering into the recognizance with security, if required, the justice shall commit the defendant to the county prison for a period not exceeding thirty days.

Under said act the defendant in said proceedings may claim title to the premises in question and have his appeal as in other cases of trespass upon giving proper security. Said claim of title need not be in writing and may be at any time during the trial of the case before the justice.

A justice of the peace cannot be sued for damage occasioned by his judicial act,
  unless it appear that the act complained of was done wilfully and maliciously,
  or with intent to injure or oppress the party complaining.

The taking of an appeal bond by a justice of the peace is a ministerial act and not a
  judicial act.

*(Sussex, April, 1888.)*

ACTION ON THE CASE for false imprisonment.

This was an action against the defendant, as a justice of the county, before whom a suit for a *nuisance* had been brought by Peter W. Rust against Legates, the plaintiff in this action, under the Act of Assembly entitled " An Act to amend chapter 128 of the Revised Code," passed at Dover, March 8, 1875, *Laws of Del.,* Vol. 15, 315, for trespassing upon his land, which was instituted by a warrant issued by the justice to a constable for the arrest of the defendant, who, on his appearance before him, produced and laid in his hands a written statement from his junior counsel in this case, that the place in which the trespass was alleged in that suit to have been committed, was his freehold and soil, but when asked by the plaintiff, Rust, on what ground he claimed the land, he replied that was his business, and when the inquiry was repeated by the justice, again said that was his business and none of the justice's. The paper he had handed him was what he was to go by in the case, but soon added that he did not own the land, nor did the plaintiff, Rust, own it. The justice then proceeded with the hearing of the case, the defendant in it paying no further attention to it, and after hearing the witnesses for the plaintiff, found and pronounced him guilty of the offence charged, and imposed a fine of five dollars and costs upon him. He also required and ordered him to enter into recognizance before him with good security to keep the peace, and not to trespass on the premises for one year, in the penal sum of one hundred dollars. But this the defendant peremptorily refused and neglected to do or to pay the fine and costs imposed, and a few days afterwards he issued a warrant to the constable to commit him to the county prison until he should thence be discharged *by due course of law,* instead of *"for a term*

*not* exceeding thirty days," as provided in the statute, and by an understanding with him he went with him the same day, but not in his actual custody or presence to Georgetown, and after arriving there with him to the office of his counsel in which he was committed to the custody of the sheriff, who, however, did not confine him in jail but allowed him to go home the same day.

Joseph B. Lingo, the defendant, is a justice of the peace and was on Aug. 14th, 1886, and tried and committed as such, the plaintiff on the complaint referred to in this suit. His record put in evidence and read.

Wm. C. Joseph; Was the constable who delivered the plaintiff into the custody of sheriff here in Georgetown. I never arrested him under the warrant or delivered him at the jail of the county to the sheriff.

James H. Legates (plaintiff), claimed the land at the hearing.

*Charles M. Cullen*, This is an action on the case against a public officer for a neglect of his official duty. In such a case as this is already shown to be, express malice must be proved to maintain the action.

11 Johns, 113–114; 8 Cow., 178.

*White* and *Robinson*, for the plaintiff:

8 Wend., 468; 2 John's Cases, 27; 3 Cow., 206; 2 Gray, 120, 410; 1 Denio, 588; 8 Wend., 468; 8 Cow., 478; 8 Wend., 468; 2 Gray, 570-572; 7 Cow., 314; 6 Wend., 597; 1 Denio., 589; 14 Johns, 195.

And request the court to charge the jury as follows:

*First*, That if the jury believe that the defendant claimed that the land in question was his soil and freehold, it was equivalent to a claim of ownership of the land under the statute of 1875, as amended by the statute of 1877.

*Second*, That if the jury are satisfied that the defendant

claimed ownership of the land and tendered security as required by the statute, the justice of the peace is responsible in damages as an officer performing a ministerial function for his refusal to recognize said claim and accept said security.

*Third*, That if the jury are satisfied that the defendant claimed the ownership of the land, and tendered security as required by the statute, the justice had no right to inquire into the truth of the claim, but was bound to recognize and accept the same and to take the security if sufficient security was offered him.

*Fourth*, That the jurisdiction of the justice of the peace being a limited jurisdiction the burden of proof is upon him of showing that he acted within his jurisdiction, and that if he exceeded his jurisdiction in the premises he is responsible in damages to the party injured.

*Fifth*, That the justice of the peace in accepting or refusing to accept the claim of ownership of the land was exercising a purely ministerial function, and is responsible in damages to the party injured without regard to the motion that may have influenced his action.

HOUSTON, J., charged the jury that the suit or proceeding before the justice of the peace under an amendment only recently enacted and embodied in the general and long standing statute in the Code prescribing and defining the jurisdiction of our justices of the peace in civil cases purely in contradistinction from the general jurisdiction which is also at the same time by another statute in the Code conferred upon them in criminal cases exclusively ; and although in this amendment it is termed both a nuisance and an offence, yet the remedy provided for in it is limited to trespass upon real estate, and when the proceeding before the justice under it is to be arrested by the party charged claiming the ownersl ip of the premises, it is to be transferred on his giving good security, not

to the jurisdiction of the Court of General Sessions of the Peace to be tried by indictment, but to the Superior Court to be tried as a civil action of trespass between the parties, as any other civil action of trespass to real estate certified and remitted by him to that court under the general statute, as provided for in the amendment to the amendment passed on the 9th of March, 1877, *Del. Laws*, Vol. 15, 624. And therefore, if it was a criminal proceeding within the purview of these statutes, it could only be *quasi* criminal in the slightest degree.

But whether it was in its inception and in contemplation of law a criminal or a civil proceeding before the justice of the peace, now the defendant in this action, he was expressly authorized by the statute to hear and determine the case in a summary manner, and if, after hearing the evidence of the witnesses called before him, he found the defendant guilty of the charge of trespassing on the ways, lands or premises of the plaintiff in the proceeding, it was not only in his official power, but it was his official duty under the plain meaning and import of the statute to impose a fine of not more than five dollars and the costs of the proceedings upon him, and if he was satisfied that the defendant would not pay the fine and costs imposed upon him, it was within his power and discretion, and also incumbent upon him in the sound exercise of it in such a case, we think, to hold him in recognizance with good security to keep the peace, and not to trespass for one year in the penal sum of one hundred dollars. And if the fine and costs were not paid, or such recognizance was not given, then it was his express duty under the statute to commit the defendant to the county prison for a term not exceeding thirty days; unless the jury should be satisfied from all the evidence before them in the case that the defendant, either at the beginning of, or at any time during the hearing of the case before the justice of the peace, claimed, in the words of the statute, the ownership of the premises on which the alleged nuisance was committed, or made such a claim in clear and unequivocal terms in any other words than those used in the statute,

but equivalent thereto in import and meaning. It was not necessary that the claim should be in writing, or the words in which his counsel had prepared it for him, for neither the statute nor the practice in suits before justices of the peace required it. On the contrary, all the pleadings in cases heard before him are *ore tenus*, or are expected both by the statute and the established practice before such subordinate tribunals, to be made by the defendant in person and by word of mouth merely when he appears, and before entering into the trial of the case before the justice. And if in this case the defendant, Legates, on his appearance before the justice for trial had simply said to him that he claimed the ownership of the premises, and he was then prepared to give him sufficient security for costs and damages, not exceeding one hundred dollars in amount, it would have been the duty of the justice to have forthwith proceeded to arrest the further hearing of the case and to certify the record of it taking such security at the foot of it as provided for in the statute, to the Superior Court in and for the county, and which would have at once removed the case entirely from his jurisdiction to that tribunal.

But as that was a defence in the case analagous to a plea in abatement on that ground to the jurisdiction of the justice to be specially and expressly stated and made known to the justice, by the defendant in no uncertain or contradictory terms, but in words clear and plain to the apprehension of any one who heard what he said on the occasion in regard to that matter. For if after producing the plea or defence as prepared for him in writing by his counsel and the justice of the peace, and the plaintiff, Rust, had read it, and the latter asked him on what ground he claimed the land, he said he did not claim to own the land, and further said that neither he or Rust owned the land, without saying anything about a right of way which he claimed over it, we must say to you, gentlemen of the jury, that taking what he said with what his counsel had prepared for him to submit in writing to the justice, it was so inconsistent with and absolutely repugnant to either claim of owner-

ship of the premises, or that the place wherein the trespass was alleged was his freehold and soil, that the justice could not reasonablp consider it, and therefore he was not bound to consider that he thereby claimed the ownership of the premises, which under the statute he was bound to do either in the words of it, or, as we have before said, in terms equivalent to them, in order to entitle himself in law to the special benefit of that defence in the case.

As to the general principle of law applicable to the case there seems to be but little, if any difference of opinion between the counsel concerned, and therefore it may be announced by us to you in comparatively a few words. A justice of the peace is a judicial officer of special and limited jurisdiction both civil and criminal in this State, and it is a settled principle of law that for a judicial act no action lies against such an officer, but for an injury arising from the misfeasance or nonfeasance of a ministerial officer, the party injured has redress in an action on the case; when an officer is sued for an official act in which he is bound to exercise judgment and discretion, the action will not lie, unless it appears that the act complained of was done wilfully and maliciously, or with the intent to injure or oppress the party complaining. It is also held that a justice of the peace in approving or refusing to approve an appeal bond in a case tried and decided by him, does not act judicially, although he does, indeed, exercise his discretion in performing the act, but it is the same discretion exercised by every ministerial officer merely who takes bail; the taking of security in such cases by a justice of the peace is rather a ministerial than a judicial act, and if he has acted corruptly or maliciously, in it an action lies. *Tompkins v. Sand*, 8 Wend., 662; *Harman v. Tappenden*, 1 East, 555.

Neither the statute or practice even contemplates, much less requires, that a defendant on appearing in any trial before a justice of the peace, should produce or present in writing any plea or defence he may wish to make in it. On the contrary even the statute expects that this will be done by him by word of mouth

merely when he appears for trial; and as the suit of *Rust v. Legates* before Lingo, the justice, out of which this case of Legates against Lingo, the justice, has arisen, was for a trespass and nuisance under the statute of 1875 as amended by the act of 1877, which provides that if the party charged with committing said trespass in such a suit before a justice of the peace, shall on so appearing to it before him "claim the ownership of the premises," the same proceeding should be had as were before provided for actions of trespass before a justice of the peace, with right of appeal to the Superior Court in all cases, that is to say, if Legates in so appearing before Lingo, justice, had said to him in the words of the statute that he claimed the ownership of the premises, or words to that effect and no more, and was then and there ready to give the justice good security in a bond in the penal sum of one hundred dollars for the prosecution of the appeal, we say to you that it would then have been clearly and manifestly the duty of the justice of the peace, Lingo, under the statute to stop the trial before him and to have thereupon to have forthwith proceeded to have taken the bond and so in the appeal duly entered on the record of the case before him and certify the same to the Superior Court in and for the county. And all that, we think, would have constituted in contemplation of law a ministerial act merely which would have been unquestionably imposed directly upon him by the express terms of the statute under such circumstances. But if on handing at that time to the justice the paper writing from his counsel without reading or stating its contents to him, and said in reply to any remark or inquiry then made to him by either the plaintiff in that suit, or by the justice, that he did not claim to own the land, nor did it belong to either Rust or him, without saying anything about a right of way claimed by either over it, we are not prepared from any or all the evidence before us in this case to say to you gentlemen of the jury, as requested by the counsel for the plaintiff, that the justice knew that the plaintiff in this case, Legates, only claimed a right of way in the lane in question, and was therefore bound to consider what he said

as a sufficient claim of the ownership of the premises, or of the freehold and soil thereof, and therefore we decline to so instruct you.

On the question of damages I must not fail to remember that he never was in jail under the commitment, the sheriff having declined to imprison him in it.

Verdict for the defendant.